

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00331-CR

THOMAS CAUDILL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2019-417,382, Honorable John J. "Trey" McClendon III, Presiding

February 26, 2020

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Thomas Caudill, appeals his conviction for unlawful possession of a firearm by a felon, enhanced,[1] and sentence to ninety-nine years' confinement. The appellate record was originally due November 18, 2019. The clerk's record was filed by this deadline, but the reporter's record was not. We subsequently granted the reporter, Ms. Breann Hays, three extensions to file the reporter's record. By letter of January 30,

---

[1] TEX. PENAL CODE ANN. § 46.04(a), (e) (West Supp. 2019) (third degree felony). Appellant's range of punishment was enhanced by two prior final felony convictions. TEX. PENAL CODE ANN. § 12.42(d) (West 2019).

2020, we admonished Ms. Hays that no further extensions would be granted and that her failure to file the reporter's record by February 18 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. The reporter's record has not been filed to date and Ms. Hays has not provided the Court with an explanation for her failure to file the record.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

1. what tasks remain to complete the filing of the reporter's record;

2. why Ms. Hays has not completed the necessary tasks;

3. what amount of time is reasonably necessary for the completion of those tasks; and

4. whether Ms. Hays can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that Ms. Hays will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by March 27, 2020.

Should Ms. Hays file the complete reporter's record on or before March 9, 2020, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.